## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **LEO EDWARD WHELAN** | § | |
| Debtor | § | CASE NO.  15-41659 |
| | § | |
| **BILL HUDDLESTON,** | § | Adversary Proceeding |
| **Plainitff/Creditor** | § | |
| **v.** | § | |
| **LEO EDWARD WHELAN ET AL.** | § | |
| **Debtors** | § | |

## COMPLAINT
## PURSUANT TO 11 U.S.C. §523 , 11 U.S.C. §727(a) & 11 U.S.C. §707(b)

To the Honorable Court:

Plaintiff Bill Huddletson, by and through his undersigned counsel, files this Complaint objecting to the discharge of the Debtor/Defendant Leo Whelan's debt to him, seeking the denial of the Debtor's discharge pursuant to 11 U.S.C. §727(a)(3) and (a)(4). Alternatively, he moves the Court to dismiss pursuant to 11 U.S.C. §707(b) and Fed. R. Bankr. P. 4004.

In support, Plaintiff/Creditor Huddleston states the following:

### JURISDICTION & VENUE

1.      On or around September 17, 2015, Debtor Leo Whelan filed a Voluntary Petition for Relief under 12 U.S.C., Chapter 7. Venue of this matter is proper, pursuant to 28 U.S.C. § 1409(a), in the United States Bankruptcy Court for the Eastern District of Texas.

2.      This Court has jurisdiction under 11 U.S.C. §523 and 28 U.S.C. § 1334. This adversary proceeding relates to this case under Chapter 7 of the Bankruptcy Code, now pending in this Court.  This is a core proceeding under 28 U.S.C. §157(b)(2)(I) because it is an objection to a discharge of Debtor.

## STANDING

3.      Plaintiff Bill Huddleston has standing to bring this Complaint under 11 U.S.C. §727(c)(1) and 727(c)(2).  The Debtor has filed a Ch. 7 bankruptcy for over $15 million of claimed business liabilities.  Among them, Debtor Whelan has identified the Bill Huddleston as an unsecured creditor for a business debt of $640,000.  Thus, Plaintiff Bill Huddleston is a named creditor of the Debtor Leo Edward Whelan.

4.      Huddleston timely filed his proof of claim on December 15, 2015.

5.      Huddleston is also the plaintiff in an action against the Debtor Whelan, along with his company WEXCO Resources, LLC, and other individually named defendants, in an action pending in Texas state district court as *Bill Huddleston v. WEXCO Resources, LLC, et al.*, Cause No.DC-13-00712, pending in Dallas County, Texas.  A true and correct copy of the current live pleadings are attached as Ex. 1.

## FACTS RELEVANT TO NONDISCHARGEABILITY 11 U.S.C. §523

6.      This debt to Huddleston is not dischargeable under 11 U.S.C. §523(a)(2)(A).

7.      Huddleston has sued for breach of contract and specific performance of a mineral lease agreement signed and entered into with Debtor Whelan in 2012.  Under their lease agreement, Debtor (through the use of his company WEXCO) promised to pay

Huddleston bonus money based on the net mineral acre interest within ten days of completion of an acceptable mineral title report.  The mineral title report was to the Debtor Whelan's satisfaction.  Debtor Whelan –through WEXCO—failed to compensate Huddleston according to their agreement.

8.      Along with the claim for breach of contract, Huddleston has also alleged that the Debtor Whelan used the corporate entity to perpetuate fraud, and therefore Plaintiff Huddleston asked the trial court to pierce thc corporate veil.  Plainly, from the Debtor's schedules, he is attempting to absolve all of his business debts in a personal bankruptcy proceeding.  He cannot have it both ways, lending support and credibility to the allegations that the Debtor was using the corporate entity Wexco to perpetuate fraud on his creditors (including Huddleston)—incurring business debts and attempting to be personally discharged of them.

### CAUSE OF ACTION 11 U.S.C. §523(a)

9.      In 2012, Debtor Whelan fraudulently induced Huddleston to enter into an agreement which he had no intention of performing.  Debtor Whelan knowingly and intentionally used his business Wexco to incur debts that he now seeks to avoid personally through discharge in this Court.  He used the corporate entity to perpetuate fraud on his creditors, including Huddleston.  Further, Debtor Whelan knowingly made materially false statements of fact on which Huddleston detrimentally relied, and for which he has suffered damages.

10.     Debtor Whelan's willful and fraudulent conduct caused Huddleston to suffer damages.  Because of the allegations of fraud, the Debtor's liabilities may not and

should not be discharged in this proceeding.   11 U.S.C. §523(a)(2)(A) & 11 U.S.C. §523(a)(6).

### CAUSE OF ACTION UNDER 11 U.S.C. §727(a) & 11 U.S.C. §707(b)

11.     The Debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the Debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case.  11 U.S.C. §727(a)(3).

12.     The Debtor knowingly and fraudulently, in or in connection with the case made a false oath or account; presented or used a false claim; withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers relating to the Debtor's property or financial affairs; and/or the Debtor has failed to explain satisfactorily, before determination of denial of discharge, any loss of assets or deficiency of assets to meet the Debtor's liabilities.  *See* 11 U.S.C. §727(a)(3), (4), and (5).

13.     This Court may, on motion of a party in interest or *sua sponte*, dismiss a case filed by an individual under Chapter 7, such as the Debtor, whose debts are primarily consumer debts if it finds that the granting of relief would be a substantial abuse of the provisions of Chapter 7 as allowed under 11 U.S.C. §707(b).

14.     Documents and arguments supporting the allegations against Debtor Whelan are attached to this Complaint as **Exhibit 1**, including the state court lawsuit and the parties' mineral lease agreement.

15.   **CONCLUSION:** Plaintiff/Creditor Bill Huddleston respectfully requests that the Court enter a judgment determining that Defendant/Debtor Leo Whelan is not entitled to a discharge in bankruptcy for his debt to Plaintiff Huddleston, together with an order for costs and expenses.

16.   Plaintiff also respectfully requests that this Court enter a judgment determining that Defendant/Creditor Whelan is not entitled to a discharge in bankruptcy for his debts under 11 U.S.C. §727(a) OR in the alternative, to dismiss under 11 U.S.C. §707(b), together with an order for costs and expenses.

Respectfully submitted,

/s/  David K. Sergi

**Sergi & Associates, P.C.**
Texas Bar No. 18036000
David@sergilaw.com
329 South  Guadalupe
San Marcos, Texas 78666
Tel: (512) 392-5010
Fax: (512) 392-5042

**Of Counsel:**
Anita Kawaja
Texas Bar No. 24003282
Law Offices of Anita Kawaja
6030 Claridge Dr.
Houston, Texas 77096
Tel: (713) 775-5679
Anita@sergilaw.com

**Counsel for Creditor/Plaintiff**
**Bill Huddleston**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document has been electronically filed with the Court and served on all counsel of record on February 5, 2016.


/s/  David K. Sergi

_____

David K. Sergi,  Attorney for Creditor


Debtor
Joe Edward Whelan
2905 Fondren Drive
Dallas, TX 75205

Attorney for Joe Edward Whelan
Robert T. DeMarco
DeMarco-Mitchell PLLC
1255 West 15th St. Se 805
Plano, TX 75075

Chapter 7 Trustee
Christopher Moser
2001 Bryan Street, Ste 1800
Dallas, TX  75201

Bill Huddleston
112 Norcrest Dr.
San Marcos, TX 78666

Gary Lee Hatch
312 W. Northwest Hwy
Grapevine, TX.  76051